(4)

FILED

AUG - 2 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              )    Case No. 07-21466-C-7
                                   )
EVELYN R. SANTIAGO,                )    MC No. JKB-1
                                   )
            Debtor.                )
_____)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR PUBLICATION

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).

### Findings of Fact

Debtor filed her voluntary chapter 7 petition on March 5, 2007.  She scheduled real property commonly known as 233

1    Tamarisk Circle, Suisun City, CA 94585 ("property") as property

2    of the estate.  The first meeting of creditors was held on

3    April 12, 2007.  The chapter 7 trustee filed a report finding

4    that there is property available for distribution from the

5    estate over and above that exempted by the debtor.  Debtor was

6    discharged from all dischargeable debts on June 19, 2007.

7         On June 19, 2007, Wilshire Credit Corp. ("movant") filed

8    a motion, notice, and declaration requesting that this court

9    vacate the automatic stay to permit movant to foreclose upon

10   the property.  The fair market value of the property is

11   approximately $464,754.  Movant has a lien on the property in

12   the approximate amount of $409,687.34.  There are other liens

13   against the property in the approximate amount of $49,461.

14        The trustee filed a notice of non-opposition to the

15   motion on June 25, 2007.

16        No opposition to the motion was filed within the time

17   prescribed by Local Bankruptcy Rule 9014-1(f)(1).  The parties

18   have consented to taking evidence by affidavit and have not

19   demonstrated that there is any disputed material factual issue

20   that would warrant an evidentiary hearing.  See L. Bankr. R.

21   9014-1(f)(1).  The evidentiary record is closed.  Id.

22        Upon review of the record, the court determined that

23   the written record was adequate and that no oral argument is

24   necessary.

25

26                        Conclusions of Law

27        The automatic stay of acts against debtor in personam

28   expires when the debtor is granted a discharge.  11 U.S.C.

§ 362(c)(2)(C).  Acts against property of the estate remain
stayed until the earliest of the time when the bankruptcy case
is closed, dismissed, or the property ceases to be property of
the estate.  11 U.S.C. § 362(c).  The automatic stay may be
terminated earlier if debtor fails to protect the secured
party's interest adequately, § 362(d)(1), and, with respect to
a stay of an act against property, debtor does not have equity
in the property, § 362(d)(2)(A), and the property is not
necessary to an effective reorganization.  11 U.S.C. §
362(d)(2)(B).  The issue of whether the property is necessary
to an effective reorganization is not considered in a chapter 7
case because no reorganization is contemplated in a chapter 7
case.

   Although the debtor appears to have some equity in the
property, since the debtor was granted a discharge, the
automatic stay has expired as to the debtor.  Thus, the motion
insofar as it is directed at the interest of the debtor is moot
and will be denied.

   However, the motion will be granted as to the interest
of the trustee.

   An appropriate order will issue.

   Dated: August 2 , 2007

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Evelyn R. Santiago
223 Tamarisk Dr.
Suisun City, CA 94585

Chad M. Johnson
25 Cadillac Drive, #200
Sacramento, CA 95825

Julian Bach
Law Office of Julian Bach
17011 Beach Blvd., Suite 300
Huntington Beach, CA 92647

Citifinancial Mortgage
3232 W. Royal Lane
Irving, TX 75063

Prem N. Dhawan
P.O. Box 965
Benicia, CA 94510

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated:  8/3/07

_Marilyn Rigsby_
Deputy Clerk